UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD R. KARAZIN and IRENE M. KARAZIN,<br><br>*Plaintiffs,*<br><br>v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC.,<br><br>*Defendant.* | Civil No. 3:17cv823 (JBA)<br><br>November 19, 2018 |

**RULING ON PLAINTIFFS' MOTION TO AMEND AND/OR RECONSIDER**

Plaintiffs Edward R. Karazin and his wife Irene M. Karazin bring this action against Defendant Wright Medical Technology, Inc. ("Wright") to recover damages allegedly suffered in connection with the malfunction of a Profemur Z device implanted in Mr. Karazin. On August 28, 2017, the parties and the Court participated in a telephonic pre-filing conference. (*See* Ex. 1 (Conf. Tr.) to Def.'s Opp. to Pls.' Mot. to Amend [Doc. # 90-1].) Because Defendant intended to file a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Plaintiffs agreed during that conference to file an amended complaint which would endeavor to resolve the pleading deficiencies identified in Defendant's forthcoming motion. (*Id.* at 4:25-5:4.) Plaintiffs filed their Amended Complaint [Doc. # 35], and Defendant subsequently filed a motion to dismiss that Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), arguing that the amendment did not resolve the complaint's pleading deficiencies. (Mot. to Dismiss [Doc. # 39].)

The Court granted Defendant's Motion to Dismiss in part, dismissing Plaintiffs' design defect, malfunction theory, and negligence claims for failure to state a claim. (Ruling on Def.'s Mot.

to Dismiss [Doc. # 68].) Plaintiffs now move to further amend their Amended Complaint to remedy the pleading deficiencies identified in that Ruling or, in the alternative, for the Court to reconsider its Ruling. (Pls.' Renewed Mot. to Amend and/or to Reconsider [Doc. #77].)

Leave to amend pleadings should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts may not decline leave to amend "[i]n the absence of any apparent or declared reason" for such denial. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, where a Plaintiff has already "been given ample prior opportunity to allege a claim," denial of leave to amend again is appropriate. *De Jesus v. Sears, Roebuck & Co, Inc.*, 87 F.3d 65, 72 (2d Cir. 1996). *See also Levin v. Credit Suisse Inc.*, 577 Fed. App'x 85, 86 (2d Cir. 2014) (upholding denial of "leave to amend on the grounds that [plaintiff] already had three opportunities to adequately plead his case, that he received letters from Defendants-Appellees explaining the deficiencies in his [Second Amended Complaint] and nonetheless chose to stand on his pleadings, and that [plaintiff's] delay in seeking to replead until after Defendants had fully briefed their motions and the district court had rendered its decision prejudiced Defendants-Appellees."); *Ganley v. New York*, 734 Fed. App'x 784, 786 (2d Cir. 2018) (upholding denial of leave to further amend complaint where plaintiff had already amended once in response to "a detailed explanation of the deficiencies he should address" and sought a second opportunity to "address the same deficiencies").

In support of their Motion, Plaintiffs argue the importance of "liberality in amendment of pleadings" and claim that there would "be no undue prejudice, etc., to the defendant if" Plaintiffs were permitted to amend their complaint a second time, because little discovery has been conducted and "this case is still relatively 'new'." (Pls.' Mem. Supp. Mot. to Amend and/or Reconsider [Doc. # 78] at 2-4.) Plaintiffs also argue that "the defendant has long been on notice as to the nature of the plaintiffs' claims, i.e. that Wright's modular design made Edward Karazin's

2

implant defective" and that there are "no special pleading requirements" for products liability claims. (*Id.* at 2-3.)

In its pre-filing conference with the parties on August 28, 2017, the Court explained to the Plaintiffs that "the purpose of a pre-filing conference, particularly with respect to a Motion to Dismiss, is to give the plaintiff the opportunity, having heard the basis for the forthcoming motion [to dismiss], the opportunity to make a Final Amended Complaint." (Conf. Tr. at 5:10-15.) The Court explicitly warned the Plaintiffs that "there will not be another chance to amend further if the Motion to Dismiss is granted" because the point of the pre-filing conference is to "mak[e] sure that when a Motion to Dismiss on this kind of basis is filed, it is looking at a Final Complaint." (*Id.* at 5:22-6:1.) When given the opportunity during this conference to further discuss the basis for the forthcoming motion to dismiss, Plaintiffs' counsel declined, saying "I think we understand what their motion will be. And we think we have satisfied any questions they may have. And we will have when we file the Amended Complaint." (*Id.* at 7:11-14.)

Nonetheless, Plaintiffs argue that they are entitled, "because justice so requires it," to further amend their complaint to respond to the pleading deficiencies identified in Defendant's Motion to Dismiss. (Pls.' Mem. at 4.) Plaintiffs do not offer any argument which would explain why, despite fully understanding the substance of Defendant's anticipated Motion to Dismiss, already availing themselves of the opportunity to amend the complaint, and the Court's warning that "there will not be another chance to amend further if the Motion to Dismiss is granted," they should be given to another chance to amend to restore the dismissed counts. They cite no new legal or factual developments which would explain their decision not to include in the Amended Complaint the facts which they now seek to include in a further amended complaint. *See Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 62 (2d Cir. 2016) (upholding denial of leave to amend

3

in interest of judicial economy because, *inter alia*, information plaintiffs sought to include in amended complaint was available to them before motion to dismiss but brought to court's attention only after court's ruling on motion to dismiss). Moreover, contrary to Plaintiffs' suggestion, the fact that little discovery has yet been conducted does not indicate that no prejudice to Defendant would result from further amendment. *See Levin*, 577 Fed. App'x at 86 (finding the failure to seek to further amend until after a motion to dismiss was fully briefed and decided prejudicial to defendants).

In the absence of any explanation for their failure to include in their Amended Complaint the information they now seek to include in a further amended complaint, Plaintiffs' Motion to Amend is denied. *See McCabe v. ConAgra Foods, Inc.*, 681 Fed. App'x 82, 86 (2d Cir. 2017) (upholding denial of leave to further amend where plaintiff already amended once in response to specific information about the nature of the complaint's deficiencies and where plaintiff's counsel represented during a conference with the court that he "'understood' . . . that his [first] amended complaint would be his 'last pleading' based on information available pre-discovery").

Plaintiffs similarly fail to address the District of Connecticut Local Rules' clear prescription that motions for reconsideration "shall not be routinely filed," "shall satisfy the strict standard applicable to such motions," and will "generally" be "denied unless the movant can point to controlling decisions or data that the court overlooked in the decision or order." D. Conn. L. Civ. R. 7(c)(1). Moreover, motions for reconsideration "seek[ing] solely to relitigate an issue already decided" "should not be granted." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Plaintiffs here make no attempt to identify overlooked decisions or data. Instead, they repeat arguments from their Opposition to Defendant's Motion to Dismiss regarding the pleading requirements for product liability claims, the adequate "notice" to Defendant of the nature of

4

Plaintiffs' claim, and the claimed basis of their manufacturing theory claim. (*See* Pls.' Mem. at 3; Pls.' Opp. to Def.'s Mot. to Dismiss [Doc. # 40] at 2, 5, 8-9.) In the absence of any "controlling decisions or data that the court overlooked" in its Ruling on Defendant's Motion to Dismiss, Plaintiffs' Motion to Reconsider is denied.

For the foregoing reasons, Plaintiff's Motion to Amend and/or Reconsider [Doc. # 77] is DENIED.

IT IS SO ORDERED.

/s/
_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 19th day of November 2018.